**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
_____X

UNITED STATES OF AMERICA,

                                        CRIMINAL NO. 18-103(4) EGS

        v.

CORRY BLUE EVANS

_____X


**DEFENDANT CORRY BLUE EVANS'S OPPOSITION TO GOVERNMENT'S**
**MOTION TO PERMIT FBI SPECIAL AGENTS MICHAEL MAJOR AND**
**NICHOLAS BERTA TO REMAIN AT COUNSEL TABLE**

COMES NOW Corry Blue Evans ("Defendant") through undersigned counsel and

respectfully submits this opposition to Government's Motion To Allow Federal Bureau Of

Investigation Special Agents Michael Major And Nicholas Berta To Remain At Counsel Table

throughout trial. Defendant's position is that it would be improper for the Court to excuse

Special Agents Michael Major and Nicholas Berta from sequestration and allow them both to be

present in the court room during trial and hear the testimony of witnesses including each other's

testimony.

**POINTS AND AUTHORITIES**

Rule 615 of the Federal Rules of Evidence provides that, at the request of a party, the

Court must order witnesses excluded so that they cannot hear the testimony of other witnesses.

Rule 615(a) exempts a party who is a natural person from this directive. And Rule 615(b) "does

not authorize excluding . . . an officer or employee of a party that is not a natural person, after

being designated as the party's representative by its attorney." Fed. R. Evid. 615(b). "The

sequestration rule serves two primary purposes: to prevent a witness from tailoring his testimony

in light of the testimony of other witnesses, and to permit the discovery of false testimony and other problems relating to credibility." Bradshaw v. Perdue, 319 F. Supp 3d 286, 287-288 (D.D.C. 2018); Minebea Co., Ltd. v. Papst, 374 F. Supp. 2d 231, 233 (D.D.C. 2005); Queen v. Wash. Metro. Area Transit Auth., 842 F.2d 476, 481-82, 268 U.S. App. D.C. 480 (D.C. Cir. 1988).

"Courts have broad discretion to achieve [the goals of sequestration] and 'may make whatever provisions [they deem] necessary to manage trials in the interests of justice . . . including the sequestration of witnesses before, during, and after their testimony.'" Bradshaw, 319 F. Supp 3d at 288.  In addition, Rule 611 of the Federal Rules of Evidence authorizes the trial court to "exercise reasonable control over the mode and order of examining witnesses . . . so as to . . . make those procedures effective for determining the truth."  Fed. R. Evid. 611(a)(1). "Several cases suggest that courts still have discretion to exclude a Rule 615(b) witness" pursuant to the Court's general powers to manage the conduct of trial or Rule 611.  Bradshaw, 319 F. Supp 3d at 288 (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6245; United States v. Mosky, 1990 U.S. Dist. LEXIS 5865, 1990 WL 70819, at *3 (exercising discretion under Rule 611 and Rule 102 to sequester witness until after he had testified, despite his designation as government's case agent under Rule 615); United States v. Charles, 456 F.3d 249, 257-58 (1st Cir. 2006) (while Rule 615(b) has "severely curtailed the discretion of the trial court to sequester the government's case agent," the Rule does not withdraw all discretion from the trial court to exclude a case agent "in an exceptional case") (quoting United States v. Machor, 879 F.2d 945, 953 n.2 (1st Cir. 1989)).  As several courts noted, only one government agent may be exempted from sequestration under this exception.

See, e.g., United States v. Davis, No. 7:17-CR-27-FL-1, 2018 U.S. Dist. LEXIS 198472, at *14-15 (E.D.N.C. Nov. 21, 2018), Farnham, 791 F.2d at 334.

As Judge Selya observed in United States v. Sepulveda, "the sequestration process involves three parts:  preventing prospective witnesses from consulting each other; preventing witnesses from hearing other witnesses testify; and preventing prospective witnesses from consulting witnesses who have already testified." United States v. Sepulveda, 15 F.3d 1161, 1176 (1st Cir. 1993).

In criminal cases, these concerns are even higher.  In United States v. Farnham, 791 F.2d 331, 335 (4th Cir. 1986), the court reversed a perjury conviction because of the trial court's refusal to exclude one of two government case agents during the other case agent's testimony. While acknowledging the government's rights under R. 615(2), the court referred to the policy behind R. 615, as emphasized by the Advisory Committee:  "the sequestration of witnesses effectively discourages and exposes fabrication, inaccuracy, and collusion.  Notes of Advisory Committee on Proposed Rules.  Scrupulous adherence to this rule is particularly necessary in those cases in which the outcome depends on the relative credibility of the parties' witnesses." Id.

Similarly, in United States v. Mosky, No. 89 CR 669, 1990 U.S. Dist. LEXIS 5865, at *1 (N.D. Ill. May 14, 1990), Defendants objected to the courtroom presence of a government agent involved in the investigation because he was the prosecution's most important witness. They argued that he should not be allowed to hear testimony that would educate him and give him the opportunity to shape his testimony.  That court ruled that the agent would be excluded from the courtroom until he testified under R. 611 and R. 102.

The Mosky Court explains that Federal Rule of Evidence 611 provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and

presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth. . . ."  The court interprets "mode and order of interrogating witnesses and presenting evidence" to include the action it is taking here.  "Part of the mode . . . of . . . presenting evidence' includes the potential influence that one witness' testimony will have on another witness' testimony.  Considering the irremediable damage that could result to the defendants' opportunities for effective cross-examination if Agent Jannett hears what other witnesses have to say, he must be barred until he testifies."  Mosky, 1990 U.S. Dist. LEXIS 5865, at *7-8.

Here, allowing Federal Bureau of Investigation Special Agents Michael Major and Nicholas Berta to remain in the courtroom during other witnesses' testimonies would risk jeopardizing the truth-seeking function of the proceeding by providing the opportunity for the government's agents to - consciously or subconsciously - shape their testimony to counter what they has heard from the other fact witness in court rather than simply recount events as they remember them.

In fact, both Special Agents testified in the Grand Jury, and they are both keys witnesses for the Government in this matter as they were fully involved in the investigation, questioning of the witnesses and reviewing of all evidence in this case.  As such, their mere presence at the counsel's table would potentially confuse and intimidate other testifying witnesses.  This case is particularly suseptible to the risk of such corruption, because it is anticipated that various alleged co-conspirators will testify, a number of who have been shown by FBI records to have presented numerous varying version of events to Special Agents Berta and Major, before opting for a plea deal and settling on a version of events favorable to the Government's case under penalty of perjury.  The presense of either Special Agent during these individuals' testimonies, not merely

4

in the courtroom, but along side the prosecutors at the counsel table, would plainly jeopardize the factfinding process.  Given the large number of actors involved in this and related cases—each of whose fates remain to be determined—and given the far greater number of accounts they have provided to both Special Agents, this case presents extraordinary circumstances that militate for the exclusion from the courtroom of both Mr. Major and Mr. Berta for the entirety of the trial. Furthermore, simply excluding one agent until after his testimony and then allowing him to remain at the counsel table would not allay the dangers described above, as it is very feasible that either would be called again as rebuttal witnesses.

Therefore, Defendant respectfully requests that the Court deny Government's motion to allow either Federal Bureau of Investigation Special Agents Michael Major and Nicholas Berta to remain at counsel table throughout the trial.

**CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court grant the relief sought.

Respectfully submitted,

/s/

_____
Leon Jacobson
160 Scholes Street, 1B
Brooklyn, NY 11206
Telephone: (917) 689-0580
leon.jacobson@bukhlawfirm.com

.

Margaret Anthony (D.C. Bar No. 366642)
7401 Eastmoreland Road, Suite 714
Annandale, VA 22003
Telephone: (571) 263-1573
margaretanthony31@yahoo.com

*Attorneys for Defendant Corry Blue Evans*

5