UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 18-cr-103-1 (TSC) |
| | : | |
| GINA RITA RUSSELL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Defendant Gina Rita Russell appeared before this court on April 15, 2024 for a hearing on the government's motion to revoke her release conditions (ECF No. 495). Russell conceded detention at the hearing based on the government's proffer. For the following reasons and the reasons noted at the hearing, and in light of Russell's concession, the court finds (1) that there is probable cause to believe that Russell committed a federal, state, or local crime while on release, and (2) that there is no condition or combination of conditions of release that will assure that she will not flee or pose a danger to the safety of any other person or the community, and that Russell is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b). Accordingly, the court orders that Russell remain detained pending sentencing in this matter.

I.   **BACKGROUND**

Russell and five co-defendants were indicted by a federal grand jury in April 2018 and charged with various offenses related to an extortion, fraud, and money laundering scheme that resulted in Daniel Zancan embezzling more than $4 million from his employer. Russell was arrested in April 2018 and detained following her arrest.

1

In September 2018, Judge Sullivan granted Russell's motion for pre-trial release and ordered that she be placed into a halfway house with GPS monitoring.  Several months later, she was released from the halfway house to live in California on GPS monitoring.  On July 30, 2019, Russell pleaded guilty before Judge Sullivan to one count of interference with interstate commerce by extortion, in violation of 18 U.S.C. § 1951(a), and 18 U.S.C. § 2.  As part of her plea agreement, she admitted the following facts.

Russell met Hollie Ann Nadel in New York in or about October 2009 when she performed a psychic reading for Nadel.  Nadel paid Russell increasing amounts of money for "psychic services," "spiritual work," and to satisfy "the elders."  Russell told Nadel that bad things would happen to Nadel or her family if money and items were not provided.  The money that Nadel provided to Russell was used for the benefit of Russell and her family.

In addition to money, Nadel obtained loans for the purchase of cars, signed up for credit cards, and paid rent for housing in California and New York for the use and benefit of Russell and members of her family.  Nadel and others working on her behalf also deposited money into bank accounts belonging to Russell and members of her family.  Nadel paid for these purchases by obtaining money from her father.  Russell instructed Nadel to tell her father that she needed money for therapy, extensive sleep studies, and classes at New York University, persuading him to provide Nadel large sums of money.

After Nadel's father refused to provide additional financial assistance, Russell and a member of her family encouraged Nadel to use sex to sell herself to earn more money.  Nadel began to provide sensual massage services, advertising on internet websites.  From approximately November 2016 through April 2017, Russell conspired with others to extort and defraud Nadel's sensual massage customers and to obtain money and valuables from them.  As

part of this scheme, Russell and others agreed to communicate messages to Daniel Zancan, one of Nadel's clients and the then-CFO of a local Washington, D.C. company, threatening harm against Nadel, Zancan, and his family if money and gold were not provided to Russell and other individuals.  Russell regularly instructed Nadel what to tell Zancan and other marks to explain the regular and increasing demands for money.  Zancan ultimately embezzled more than $4 million from his employer as a result of the scheme and delivered the overwhelming majority of the stolen funds to Russell and her co-conspirators.

   As part of Russell's plea agreement, the government agreed it would not seek a change in release conditions pending sentencing but reserved the right to move to change her release conditions, including requesting detention pending sentencing if she engaged in further criminal conduct.  Russell acknowledged that nothing in the plea agreement allowed her to commit any criminal violation of local, state, or federal law at any time prior to her sentencing in this case.  She also agreed to abide by all release conditions imposed by the court.  Russell's conditions of release specifically prohibited her from violating "federal, state, or local law while on release." ECF No. 109 at 1.  The order also noted that violating any release conditions "may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention . . . and a prosecution for contempt[.]" *Id.* at 3.

   Russell's case was randomly reassigned to this court on October 17, 2022.  On March 16, 2024, the government filed an *ex parte* motion for revocation of Russell's release and requested that the court issue a bench warrant.  The court granted the government's motion on March 18, 2024 and issued a bench warrant and Russell was arrested shortly thereafter.

   In its motion, the government proffered evidence that Russell has again engaged in criminal conduct similar to what she admitted to as part of her plea agreement in this case.

Russell is accused of approaching V1, a California resident, who told the FBI that Russell purported to be a psychic who could help cleanse V1's negative energy. V1 reported that Russell charged her money to engage in this cleansing work. V1 also reported that Russell was initially kind and supportive, but convinced V1 to lie to her father in order to convince him to wire more $180,000 to V1, the overwhelming majority of which V1 provided to Russell. V1 also reported that Russell convinced her to engage in sex work for money and to give Russell the overwhelming majority of the proceeds. V1 also reported that Russell convinced V1 to lie to her clients to extract more money from them. V1 also told the FBI that she purchased two cars used by Russell and members of her family.

The government's motion included descriptions of Bank of America statements and screenshots of text messages between the defendant and V1 which corroborated V1's information. During the April 15, 2024 hearing, the government also tendered to the court seven surveillance images obtained from Bank of America, which showed Russell using V1's ATM card and which further corroborated V1's information. During the hearing, Russell denied the factual allegations against her, but conceded detention.

**II.    APPLICABLE LAW**

A defendant who has violated a condition of release is subject to "revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148(b) directs the court to revoke a defendant's release and order detention if, after a hearing, the court finds "probable cause to believe that the person has committed a Federal, State, or local crime while on release," or "clear and convincing evidence that the person has violated any other condition of release." 18 U.S.C. § 3148(b). The court must also find either that "there is no condition or combination of conditions of release that will assure that the person will not flee or

pose a danger to the safety of any other person or the community" based on the factors set forth in section 3142(g), or that the person is "unlikely to abide by any condition or combination of conditions of release." *Id.*

If the court finds probable cause to believe that the person committed a federal, state, or local felony while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id.* The four factors that the court must consider under section 3142(g) are (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the defendant, including her criminal history, and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

### III.   DISCUSSION

The court finds that there is probable cause that Russell violated federal, state, or local law while on release, including conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The court further finds, in light of the presumption and Russell's concession, that there is no condition or combination of conditions of release that will assure that Russell will not flee or pose a danger to the safety of any other person or the community. The court further finds that Russell is unlikely to abide by any condition or combination of conditions of release. Because probable cause exists that Russell committed at least one felony while on release, there is a rebuttable presumption that she should be held pending sentencing. *See* 18 U.S.C. § 3148(b)(2). The defendant is unable to rebut that presumption, and has conceded detention. Accordingly, the court orders detention pursuant to 18 U.S.C. § 3148(b).

Moreover, the factors set forth in 18 U.S.C. § 3142(g) all weigh in favor of detention. The nature and circumstances of the defendant's newly uncovered conduct are serious and similar to conduct that formed the basis of her guilty plea in 2019. The weight of the government's evidence is strong and includes bank statements, text messages, and bank surveillance images. Russell's history and characteristics show that she has not been deterred from illegally using her powers of persuasion to convince individuals to obtain money and items of value for her benefit and the benefit of members of her family. Russell has therefore demonstrated that she is a danger to the community. Accordingly, the section 3142(g) factors weigh in favor of detention.

## IV. CONCLUSION

For the reasons noted above and stated at the April 15, 2024 hearing, the court hereby

**ORDERS** that defendant Gina Rita Russell remain detained pending sentencing. The court further recommends that Russell be detained at the D.C. Jail.

**IT IS FURTHER ORDERED** that sentencing in this case is set for July 18, 2024 at 10:30a.m. in Courtroom 9. The government's Sentencing Memorandum is due July 11, 2024. Defendant's Sentencing Memorandum is due July 12, 2024.

**SO ORDERED.**

April 24, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge