UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STAES OF AMERICA<br><br>  v.<br><br>GINA RUSSELL, *et al.*<br><br>  Defendants. | Criminal Action No. 18-cr-103-1 (TSC) |

## OPINION AND ORDER

Before the court are three *pro se* motions filed by incarcerated defendant Gina Russell—to vacate her sentence for improper venue pursuant to 28 U.S.C. § 2255, to reduce her restitution pursuant to the same, and to return her seized property pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. §§ 981, 983. Mot. to Vacate Conviction for Improper Venue at 1, ECF No. 551 ("Mot. to Vacate Conviction"); Mot. to Reduce Restitution at 1-2, ECF No. 522 ("Mot. to Reduce Restitution"); Motion for Return of Property Post-Trial at 1-2, ECF No. 533 ("Mot. to Return Prop."). The government opposes. Govt's Omnibus Resp. to Def.'s Pro Se Mots. to be Resentenced Based on Improper Venue, to Have Her Restitution Obligation Reduced to Zero, and to Have Prop. Returned at 1-6, ECF No. 555 ("Gov't's Opp."). Because each of Russell's motions are foreclosed by her plea agreement and the forfeiture order entered as part of that agreement, the court will DENY each of them.

Indicted in a multi-count and multi-defendant embezzlement scheme, Russell was convicted for interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951. *See* Judgment as to Gina Russell at 2, ECF No. 544 ("Judgment"); Indictment, ECF No. 1. On July 30, 2019, before Judge Sullivan and pursuant to a sealed cooperation agreement, Russell

pleaded guilty, waived her right to trial by jury, and consented to forfeit certain property. Sealed Plea Agreement at 1-16, ECF No. 144 ("Sealed Plea Agreement"); Sealed Wavier of Trial by Jury at 1, ECF No. 145 ("Sealed Waiver"); Sealed Consent Ord. of Forfeiture at 1-7, ECF No. 147 ("Sealed Consent Ord."). On October 17, 2022, while she was awaiting sentencing, Russell's case was randomly reassigned to this court. *See* 10/17/2022 Ord. On July 18, 2024, this court sentenced Russell to 125 months of imprisonment followed by three years of supervised release. Judgment at 1-10. Consistent with the terms of her plea agreement, the court also ordered Russell to pay $4,217,542.86 in restitution and ordered the forfeiture of certain property. *Id.* at 7; Sealed Consent Ord. at 1-7.

Under 28 U.S.C. § 2255, a person in custody pursuant to a federal sentence may "move the court which imposed the sentence to vacate, set aside[,] or correct the sentence," on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, . . . that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof under Section 2255 and "must demonstrate her right to relief by a preponderance of the evidence." *United States v. Ashton*, 961 F. Supp. 2d 7, 11 (D.D.C. 2013); *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973). "Relief under [Section] 2255 is an extraordinary remedy in light of society's legitimate interest in the finality of judgments." *United States v. Moore*, 75 F. Supp. 3d 568, 571 (D.D.C. 2014). As a result, it is typically only granted if "the challenged sentence resulted from 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992) (citation omitted). If the reviewing court finds that any grounds requiring relief under

Section 2255(a) are satisfied, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Since Russell proceeds *pro se*, the court construes her motions "expansively." *United States v. Davis*, No. 18-cr-26, 2024 WL 4253186, at *2 (D.D.C. Sept. 20, 2024). A defendant's waiver of her appeal or collateral attack rights must be "knowing, intelligent, and voluntary." *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009). And even "where a defendant waives the right to appeal or collaterally attack his conviction as part of his plea agreement, he does not waive the right to challenge that waiver itself on the grounds that it was not knowing and voluntary." *United States v. Safarini*, No. 91-cr-504-3, 2021 WL 5050092, at *11 (D.D.C. Nov. 1, 2021); *see also Garza v. Idaho*, 586 U.S. 232, 239 (2019).

Russell's motions cannot escape the bind of her agreed-upon plea agreement and consent forfeiture order. Gov't's Opp. at 1-6. "Although the analogy may not hold in all respects, plea bargains are essentially contracts." *Puckett v. United States*, 556 U.S. 129, 137 (2009). The court generally enforces the agreement if it was knowing, voluntary, and intelligent. *See United States v. Adams*, 780 F.3d 1182, 1183 (D.C. Cir. 2015). Russell does not challenge the validity of the plea agreement, but claims that venue was improper. Mot. to Vacate Conviction at 1. But her plea agreement waived any challenge to venue in the District of Columbia. *See* Sealed Plea Agreement at 7. Next, Russell argues that the $4,217,542.86 she agreed to pay in restitution should be reduced because she has no ability to pay it. Mot. to Reduce Restitution at 1. But that amount was specified in her plea agreement, and she reiterated at sentencing that she agreed to pay it. Sealed Plea Agreement at 10; Judgment at 10. Finally, Russell wants her two iPhones, one Android phone, luggage, shoes, purses, jewelry, and a laptop returned to her. Mot. to Return Prop. at 1. Yet her

consent order of forfeiture explained in detail each item she would be forced to turnover—including the items Russell she now seeks. Sealed Consent Ord. at 1-3.

The record "makes clear" that Russell's plea was "knowing, voluntary, and intelligent." *United States v. Bertram*, 209 F. Supp. 3d 243, 250 (D.D.C. 2016), *aff'd*, 762 F. App'x 1 (D.C. Cir. 2019). The plea agreement specifically affirmed that Russell read or had read every page of the agreement, discussed it with her attorney, and that she was not under the influence of anything that would inhibit her ability to understand the agreement fully. Sealed Plea Agreement at 16. Russell signed that agreement and incorporated consent forfeiture order with her "John Hancock[]" on April 15, 2019, and July 30, 2019, respectively. *Id.*; Consent Ord. at 6, *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). At her plea hearing, Russell reiterated that she agreed to her plea agreement and forfeiture order in their entirety. Sealed Plea Her'g Tr. at 67:2-20, 100:7-12.

Accordingly, the court hereby DENIES Russell's Motion to Vacate for Improper Venue, ECF No. 551; Motion to Reduce Restitution, ECF No. 552; and Motion to Return Forfeited Property, ECF No. 553.

Date: November 26, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge